## WAGENBLAST,
*Petitioner,*

*v.*

## CROOK COUNTY SCHOOL DISTRICT,
*Respondent.*

(FDAB 84-3; CA A33424)

707 P2d 69

Paul B. Gamson, Portland, argued the cause for petitioner. With him on the brief were Kulongoski, Durham, Drummonds & Colombo, Portland.

James F. Larson, Prineville, argued the cause for respondent. With him on the brief were Minturn, Van Voorhees, Larson & Dixon, Prineville.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner appeals a decision of the Fair Dismissal Appeals Board. Respondent school district had employed petitioner since 1977 as an elementary school teacher. In February, 1984, district received a letter from the executive secretary of the Teacher Standards and Practices Commission (TSPC) advising that petitioner did not hold a valid teaching certificate. The district superintendent notified petitioner that she was terminated.[1] She appealed to FDAB,[2] contending that the termination was a "dismissal" under the Fair Dismissal Law (ORS 342.805 to 342.955) and that it was invalid, because district did not follow the statutory procedures for dismissal of a permanent teacher.

District, on the other hand, asked that FDAB dismiss the appeal, because petitioner was not a certified "teacher" at the time it terminated her. FDAB dismissed the appeal for lack of jurisdiction, and petitioner assigns that as error. We affirm.

FDAB's findings of fact and ultimate findings of fact are not in dispute:

### "FINDINGS OF FACT

"* * * * *

"2. Appellant's basic teaching certificate expired in September of 1982. The Teacher Standards and Practices Commission sent her a renewed basic teaching certificate * * * that same month. The certificate indicated on its face that it was valid for the period of September 21, 1982 to October 30, 1985.

"3. On February 24, 1984, the Executive Secretary of the

---

[1] ORS 342.505(2) provides:

"No hiring or written contract of any teacher is valid unless the teacher, on or before the date employment is to begin, holds a valid teaching certificate."

ORS 342.173(1) provides:

"Any school district or education service district which employs as a teacher or administrator any person not properly certificated and assigned in accordance with the terms specified by the person's certificate shall forfeit in state basic school support funds due the district an amount determined by the Teacher Standards and Practices Commission to not exceed the amount of the salary paid to the person for the time during which the person is employed. The forfeiture shall be effective unless such assignments are made with justification satisfactory to the Teacher Standards and Practices Commission."

[2] Apparently petitioner also appealed TSPC's action. *See* ORS 342.180.

Teacher Standards and Practices Commission, Richard Jones, sent a letter to appellant * * * which stated:

" 'You are reminded that the Oregon teaching certificate mailed to you on September 24, 1982 was declared invalid by this agency. This action was conveyed to you by letter of September 24, 1982 which you received on September 25, 1982. In addition to the September 24 letter, we sent you an October 19, 1982 letter advising you that the certificate was void. This letter was also mailed return receipt requested but was returned and marked "unclaimed by addressee." '

"* * *

" 'Presently you do not hold a valid certificate and the school district is being notified of this fact. * * *'

"Mr. Jones also sent respondent a letter on February 14, 1984, * * * which stated:

" 'According to our records we notified Ms. Wagenblast on September 25, 1982 that her certificate was invalid in that her check had not been honored by her bank. Ms. Wagenblast did not make the required payment. In addition, she did not claim our registered letter of October 19, 1982 voiding her certificate.

" 'As of the date of your receipt of this letter the Crook County Unit is informed that Ms. Wagenblast does not hold a valid certificate. * * *'

"4. Richard Laughlin, respondent's superintendent of schools, after consulting with legal counsel, had respondent's Deputy Clerk give appellant a letter dated February 16, 1984, * * * which stated as follows:

" 'Although you have been verbally notified, this letter will officially notify you in written form, that your teaching contract with Crook County School District has been terminated, effective 4:00 p.m., Thursday, February 15, 1984. In accordance with OAR [sic] 342.505(2), we cannot continue your teaching contract.

" 'Teacher Standards and Practices Commission has notified us that you do not hold a valid teaching certificate. Until such time as you do and, upon Board action to reemploy you, all terms and agreements of employment cease.'

"* * * * *

"6. Mr. Laughlin took the termination action because he

concluded that appellant did not have a teaching certificate. The school board of respondent did not itself make any decision to terminate her or vote to approve such action by the superintendent. Also, Mr. Laughlin did not make any recommendation of termination to the school board before taking the termination action, and did not otherwise follow Fair Dismissal Law procedures. Appellant was also not given any pretermination hearing before the school board. (Mr. Laughlin himself, however, had discussed the situation with appellant and had given her time to look for evidence showing she had sent in her renewal fee to the commission).

"* * * * *

## "ULTIMATE FINDINGS OF FACT

"1.   Appellant was a permanent teacher with respondent until September of 1982.

"2.   In September of 1982 appellant's teaching certificate expired and she applied for a renewed certificate.

"3.   The Teacher Standards and Practices Commission sent appellant a renewal certificate in September of 1982.

"4.   In February of 1984 the Teacher Standards and Practices Commission notified appellant and respondent that the renewal certificate was not valid because the renewal fee had never been paid.

"5.   Respondent thereupon terminated appellant without granting her a pretermination hearing or any statutory procedural rights under the Fair Dismissal Law."

FDAB's conclusions of law state:

"Appellant contends that her termination was a 'dismissal' under the Fair Dismissal Law and that it is invalid because statutory procedures were not followed. Appellant also protests that the termination action was not taken by the school board but only by the superintendent. Appellant further contends that the law does not, as respondent claims, require termination of a teacher who does not have a teaching certificate. Respondent, on the other hand, contends that appellant cannot appeal her termination to this board because she was not a 'permanent teacher' at the time she was terminated.

"Under ORS 342.905, the right to appeal a dismissal is given to 'the teacher or the teacher's representative.' Under subsection (8) of ORS 342.815, 'teacher' means 'any person who holds a teacher's certificate as provided in ORS 342.125

or who is otherwise authorized to teach in the public schools of this state.'

"Appellant put on no evidence showing that she was authorized to teach in the public schools of Oregon at the time of her termination and that she thus did not need a teaching certificate. Therefore, unless she had a valid teaching certificate she was not a 'teacher' within the meaning of the Fair Dismissal Law and could not appeal her termination to this board.

"Respondent put on evidence showing that the Teacher Standard and Practices Commission declared appellant's September 1982 basic teaching certificate invalid for nonpayment of the renewal fee. Appellant's evidence corroborated respondent's evidence in this regard. Appellant did not, however, prove that the commission was wrong, that her renewal fee had in fact been received by the commission or that she in fact had a valid teaching certificate. We believe that the burden of proof is on the appellant to show entitlement to appeal a termination to the board. Appellant has not met this burden. From the evidence in this case we cannot conclude that appellant in fact had a valid teaching certificate at the time of her termination. Therefore, we conclude that we have no jurisdiction to determine whether respondent had legal authority to terminate appellant or whether it had legal authority to terminate her in the manner it did. The motion to dismiss the appeal must be granted."

■    When district dismissed her, petitioner was not a "teacher" within the meaning of the Fair Dismissal Law. She did not hold "a teacher's certificate as provided in ORS 342.125" nor was she otherwise authorized to teach in the public schools of the state. *See* ORS 342.815(8). Accordingly, FDAB lacked jurisdiction to determine whether the district had legal authority to terminate petitioner or whether it had legal authority to terminate her in the manner it did. *See* ORS 342.905.

■    Petitioner asserts, however, that the statute provides that a teacher has the protection of the Fair Dismissal Law if a district dismisses her for "[a]ny cause which constitutes grounds for the revocation of such permanent teacher's teaching certificate." ORS 342.865(1)(i). She argues that

"the sole reason the district gave for dismissing [petitioner] was information from the executive director of the TSPC concerning the status of [her] teaching certificate. This

falls squarely within the language of the statute, and the legislature clearly intended the FDAB to have jurisdiction in a case such as this one involving the status of a permanent teacher's teaching certificate."

We disagree. ORS 342.125(1) provides that "teaching certificates shall be issued and renewed by the Teacher Standards and Practices Commission * * *." The status of a teacher's certificate is a matter for TSPC. Moreover, ORS 342.175 explains the meaning of the words "any cause which constitutes grounds for the revocation of such permanent teacher's teaching certificate:"

"(1) Action to suspend or revoke any certificate or to discipline a teacher or administrator may be initiated by the Teacher Standards and Practices Commission, created under ORS 342.350 upon complaint charging the teacher or administrator with:

"(a) Conviction of a crime not listed in subsection (2) of this section;

"(b) Gross neglect of duty;

"(c) Any gross unfitness; or

"(d) Having been convicted of violating any law of this or any state or of the United States involving the illegal use, sale or possession of controlled substances.

"(2) The Teacher Standards and Practices Commission shall revoke any certificate when the holder after August 20, 1957, has been convicted of a violation of ORS 163.355, 163.365, 163.375, 163.385, 163.395, 163.405, 163.415, 163.425, 163.435, 163.445, 163.455, 163.465, 163.515, 163.525, 163.575, 167.007, 167.012, 167.017, 167.065, 167.070, 167.075 or 167.080.

"(3) The Teacher Standards and Practices Commission may revoke any certificate upon evidence that the holder knowingly made any false statement in the application for the certificate."

Petitioner's failure to pay the required fee for renewal of her teaching certificate was not a "grounds for the revocation" of her certificate. *See also* ORS 342.865(1)(i). Indeed, TSPC did not "revoke" her certificate. It simply never renewed it.

■ Payment of the fee is a precondition for valid renewal of a certificate. ORS 342.127 provides:

"(1)    The Teacher Standards and Practices Commission shall establish and the commission shall collect:

"* * * * *

"(b)    A fee not to exceed $35 for the renewal of each teaching certificate * * *."

*See also* ORS 342.125; OAR 584-36-052; 584-36-053 and 584-36-055. Under the statutory scheme, FDAB must rely on TSPC's notification to a district that a teacher holds a valid teaching certificate.[3] The Fair Dismissal Law does not apply to a district's termination of a teacher because she does not hold a valid teaching certificate or is otherwise not authorized to teach within the meaning of ORS 342.815(8).

Affirmed.

---

[3] Petitioner argues that TSPC did not act on her certificate but that its executive secretary acted for it without authority. Petitioner, however, does not assign as error FDAB's ultimate finding of fact 4. *See, supra,* at 572. Moreover, petitioner also does not challenge finding of fact 3 that recites that TSPC's executive secretary's letter of September 24, 1984, to petitioner states that the certificate "was declared invalid by this agency."